UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVIE JOHNSON, individually on behalf
of himself and others similiarly situated,

     Plaintiff,

                                             CASE NO.:

v.
                                             **JURY DEMAND**

TOTAL CONCRETE REPAIRS, INC.,
A Florida Profit Corporation, and
KEVIN COPE, individually,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stevie Johnson ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through their undersigned counsel, files this Collective Action Complaint against Defendants, Total Concrete Repairs, Inc., a Florida Profit Corporation ("Total Concrete"),  and Kevin Cope, individually ("Cope") (Total Concrete and Cope hereinafter collectively referred to as "Defendants"), and  states:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3.      At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

4.      At all times material hereto, Total Concrete was, and continues to be a Florida Profit Corporation, engaged in business in Florida.

5.      At all times material hereto, Cope was, and continues to be, engaged in business in Florida.

6.      At all times material hereto, Cope was, and continues to be, an individual resident of Florida.

7.      At all times material hereto, Cope was, and continues to be the owner and operator of Total Concrete.

8.      At all times material hereto, Cope managed and operated Total Concrete on a day-to-day basis.

9.      At all times material hereto, Cope regularly exercised the authority to hire and fire employees of Total Concrete.

10.     At all times material hereto, Cope determined the work schedules for the employees of Total Concrete.

11.     At all times material hereto, Cope controlled the finances and operations of Total Concrete.

12.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, by virtue of the fact that he was required to perform road repair services on interstate highways.

13.     At all times material hereto, Plaintiff was an "employee" of Defendants within

the meaning of FLSA.

14.    At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

15.    Defendant, Total Concrete, was, and continues to be, the "employer" within the meaning of FLSA.

16.    Defendant, Cope, was, and continues to be, the "employer" within the meaning of FLSA.

17.    At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA, by virtue of the nature of their business (performing, *inter alia*, repair services on interstate highways).

18.    At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

19.    Based upon information and belief, the annual gross revenue of Defendants is and was in excess of $500,000.00 per annum for all relevant time periods.

20.    At all times material hereto, Defendants, had more than two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had employees who regularly handled materials and machinery that had previously travelled through interstate commerce.

21.    At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22.    At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

23.    The additional persons who may become Plaintiffs in this action are/were

employees for Defendants, who held similar positions to Plaintiff, were similarly compensated on an hourly basis who:

    a.    worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a single work week.

24.    At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

25.    Total Concrete is a company that provides concrete services to residential and commercial customers.

26.    Defendants hired Plaintiff to work as non-exempt Laborer in or about October 2017.

27.    Thereafter, Plaintiff worked as a non-exempt Laborer from October 2017 to approximately October 2019.

28.    Throughout the time period in which Plaintiff was employed by Defendants as a Laborer, Plaintiff's primary duties included forming concrete, using the jack hammer, picking up concrete bricks, demolition of concrete, and driving Defendants' truck to transport himself and the other Laborers to the job sites.

29.    At all times relevant to the claim, Plaintiff was employed by Defendants as a Laborer and was compensated at an hourly rate for each hour that he worked.

30.    During times relevant to the claim, Plaintiff worked in excess of forty (40) hours within most, if not all, work weeks.

31.    However, Plaintiff was not properly compensated for all of his overtime hours worked throughout the duration of his employment.

32.    Instead, Defendants systematically paid, and continue to pay, Plaintiff and other similarly situated Laborers for substantially fewer hours than they actually worked.

33.    Defendants' Managers systematically and consistently altered the time its Laborers recorded on their timesheets, resulting in numerous off-the-clock hours worked in most, if not all, work weeks.

34.    At various material times throughout the duration of Plaintiff's employment as a Laborer for Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

35.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

36.    Defendants have violated Title 29 U.S.C. §207 in that:

a.    Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks during his period of employment as a Laborer with Defendants;

b.    No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per work week while Plaintiff worked as an Laborer for Defendants as provided by the FLSA;

c.      Defendants have failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff and the class members are/were all non-exempt "Laborers" of Defendants and performed the same or similar job duties as one another.

38.     All of these non-exempt individuals were and are paid in the same manner, on a hourly basis.

39.     Defendants uniformly alter all time sheets of the "Laborers" in the proposed class resulting in several hours of off-the-clock work in most, if not all, work weeks.

40.     The aforementioned pay practice has resulted in Defendants' failure to pay the Laborers in the proposed class at a rate that is one and one half times their regular rate of pay for the hours that they worked over forty (40) in most, if not all, work weeks.

41.     Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

42.     Defendants' failure to compensate its "Laborers" and other employees employed in similar positions for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy and/or practice applicable to all of Defendants' non-exempt "Laborers" and employees employed in similar positions companywide.

43.     This policy or practice was applicable to Plaintiff and the class members.

44.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

45.     Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members.

46.     Accordingly, the class members are properly defined as:

**All hourly paid Laborers who worked for Defendants within the last three years, who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a single work week as required by the FLSA.**

47.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

48.     Specifically, despite the fact that numerous "Laborers" brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employ, Defendants' refused to pay Plaintiff and the similarly situated "Laborers" their proper compensation as required by the FLSA.

49.     Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

50.     During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

51.     Defendants' failure to properly compensate employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendants' commission (also known as production) payment policy or practice that applies to all similarly-situated employees.

52.     Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

53.     Defendants have failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

54.     Plaintiff realleges and reincorporate paragraphs 1 through 53 as if fully set forth herein.

55.     Throughout the duration of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours in most, is not all, work weeks.

56.     Throughout the duration of his employment, Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

57.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendant as a "Laborer."

58.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

59.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work as a Laborer.

60.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

61.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

62.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

63.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

64.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one half their regular rate of pay for such hours.

65.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week while employed as a Laborer;

b.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.      Awarding Plaintiff pre-judgment and/or post-judgment interest;

d.      Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff;

e.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.      Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this 18th day of May, 2020.

Respectfully Submitted,

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura, Esquire
Florida Bar No.: 1002876
Morgan & Morgan, P.A.
8151 Peters Road., Suite 4000
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
Email: CVentura@forthepeople.com

*Trial Counsel for Plaintiff*