UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVIE JOHNSON, individually on behalf
of himself and others similarly situated,

                                                                          CASE NO: 3:20-cv-00498-TJC-PDB

Plaintiff,

v.

TOTAL CONCRETE REPAIRS, INC., a
Florida Profit Corporation, and KEVIN COPE,
individually,

Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Under Fed. R. Civ. P. 41(b) and Local Rule 3.01(g), Defendant Total Concrete Repairs, Inc. ("Total Concrete") moves to dismiss this lawsuit for failure to prosecute. In support of this Motion, Defendant states as follows:

### I.    STATEMENT OF FACTS

Plaintiff Stevie Johnson filed this lawsuit on May 18, 2020. Unfortunately, on or about June 26, 2023, Johnson died. Since that time, Plaintiff's counsel has diligently attempted to identify and confer with Johnson's estate. As of the date of this Motion, nobody serving as the trustee of Johnson's estate has come forward. Accordingly, Johnson's attorneys are unable to take an informed position as to whether Johnson's successor(s) wishes to pursue the claims and/or a proposed timetable for doing so.

The problem is that this case has already been burdened by countless delays. The timeline is as follows. The Court initially granted the parties until July 12, 2021 to complete discovery. In June 2021, Plaintiff's counsel requested and received a ninety (90) day extension due to maternity leave. On September 10, 2021, Plaintiff requested and received an additional thirty (30) day extension to allow sufficient time to complete discovery upon her return from leave.

On November 5, 2021, Plaintiff requested and received a ninety (90) day continuance based upon Johnson suffering a stroke that incapacitated him. Since that time, the Court directed Plaintiff to submit continuing status reports to update Johnson's health condition. Unfortunately, Johnson did not recover and, upon information and belief, died on June 26, 2023. For the past eight (8) months, Johnson's attorneys have been unable to either identify or confer with a successor Johnson's estate. Absent a successor, Johnson cannot be substituted by his estate. Additionally, once a party is deceased, he no longer has an interest in the case. As a result, his attorneys have moved to withdraw from the case.

This case has been dormant since approximately June 2021. The only case activities have been either requests for continuance or status reports advising the Court that Johnson is incapacitated. The case has been stalled for years and no successor to Johnson has come forward to request substitution.

**II.   LAW AND ARGUMENT**

Rule 41(b) authorizes Defendant to seek dismissal based upon Plaintiff's failure to prosecute. Here, Plaintiff's claims have not been prosecuted for years. Moreover,

while Fed. R. Civ. P. 25 permits a deceased party's successor to file a motion for substitution, doing so is not feasible where the successor cannot be located or identified. *See, e.g., Irby v. Narango*, 2022 WL 224257 *1 n. 1 (E.D. Cal. Jan. 25, 2022) (dismissing case for failure to prosecute where a party died and successor could not be identified).

No suggestion of death has been filed under Rule 25. Johnson died eight (8) months ago. Attempts by Plaintiff's counsel to locate a successor have failed. And Plaintiff's counsel has asked to withdraw from the case. Under the circumstances, the lawsuit has been abandoned on the Plaintiff's side of the ledger, which warrants dismissal. *See Hambrick v. Munns*, 2009 WL 10707464 at *1 (D. Kan. Aug. 7, 2009) (where no suggestion of death was filed and no successors filed a motion to substitute, court dismissed claims under Rule 41 for failure to prosecute); *Kaubisch v. Weber*, 408 F. 3d 540, 542-43 (8th Cir. 2005) (suggestion of death is not required to dismiss claims for failure to prosecute where a successor fails to come forward within a reasonable time).

## Local Rule 3.01(g) Certification

The parties' attorneys have conferred. Because Mr. Johnson passed away and no successor has been located or expressed an interest in proceeding, Mr. Johnson's attorneys have no ability to confer with a decisionmaker concerning either the subject of this Motion or any other material issues in the case.

### III. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss this lawsuit with prejudice.

Respectfully submitted this 21st day of January, 2024.

        **ORR | COOK**

        */s/René M. Fix*
        **René M. Fix**
        Florida Bar No.: 189545
        **Robert H. Schmidlin**
        Florida Bar No. 1049839
        818 A1A North, Suite 302
        Ponte Vedra Beach, Florida 32082
        (904) 358-8300 (telephone)
        (904) 358-8303 (facsimile)
        **Primary and Secondary Email Addresses:**
        rfix@orrcook.com
        rschmidlin@orrcook.com
        mweaver@orrcook.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2024, the foregoing document has been e-filed with the Court via CM/ECF with a copy served automatically on all counsel of record.

        */s/René M. Fix*
        Attorney

Case 3:20-cv-00498-TJC-PDB   Document 44   Filed 02/21/24   Page 5 of 5 PageID 167